UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAVEZ,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE OFFICERS 1-10, et al.,<br><br>Defendants. | CASE NO. 2:26-cv-02950-JHC<br><br>ORDER |

Plaintiff, who is pro se and proceeding in forma pauperis, filed this action against "the City of Seattle, Unknown Seattle Law Enforcement Officers, and the involved Local Transportation Agency / Bus Company." Dkt. # 8 at 1. It is difficult to understand what Plaintiff is arguing in the complaint, though she lists several claims, including violations of her constitutional rights under 42 U.S.C. § 1983, municipal liability for failure to train, and common carrier negligence. Dkt. # 8 at 2-3. But Plaintiff's factual background section says only: "Instructions: State here in a clear, chronological order exactly what happened. Provide specific dates, times, locations, and describe the interaction with the bus company and the subsequent arrival, actions, and conduct of the Seattle police officers. Describe any injuries, searches, seizures, or unlawful detentions that took place." Dkt. # 8 at 2. Later in the complaint, Plaintiff states that the "individual John Doe Officers, acting under color of state law, subjected Plaintiff

to an unreasonable seizure, unlawful detention, and/or excessive use of force." Dkt. # 8 at 3. Plaintiff also filed an "Amended Statement of Facts," but it does not clarify the events underlying her claims. Dkt. # 10.

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks damages from defendants immune from such relief, the court must dismiss the case sua sponte. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B). To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Even construing Plaintiff's claims liberally, she fails to state a claim. The complaint does not include any specific facts that show that Plaintiff is entitled to the relief she seeks. Though Plaintiff need not provide detailed factual allegations, here, she has not provided any factual background that would allow the Court to understand the basis for her claims, instead leaving a paragraph in her facts section reciting what she should have included. Though she later states that the John Doe Officers "subjected Plaintiff to an unreasonable seizure, unlawful detention, and/or excessive use of force," these are conclusory statements and are not sufficient to state a

claim. Dkt. # 8 at 3. Given these deficiencies, Plaintiff has not stated a claim for which relief may be granted.

Accordingly, the Court DISMISSES Plaintiff's Complaint, Dkt. # 8, without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court GRANTS Plaintiff leave to amend, if she wishes, within 14 days of the filing of this Order. If Plaintiff files a timely amended complaint and it does not meet the pleading standards, the Court will dismiss the matter with prejudice.

Dated this 21st day of September, 2026.

John H. Chun
United States District Judge